BRENDAN E. STARKEY (Bar No. 240912)           **JS-6**
brendan.starkey@dlapiper.com
**DLA PIPER LLP (US)**
1999 Avenue of the Stars, Fourth Floor
Los Angeles, CA 90067-6022
Telephone:   (310) 595-3000
Facsimile:    (310) 595-3300

MONICA L. THOMPSON (Adm. *Pro Hac Vice*)
monica.thompson@dlapiper.com
ALBERT E. HARTMANN (Adm. *Pro Hac Vice*)
albert.hartmann@dlapiper.com
**DLA PIPER LLP (US)**
203 North LaSalle, Suite 1900
Chicago, Illinois 60601
Telephone:   (312) 368-4000
Facsimile:    (312) 236-7516

Attorneys for Plaintiff
TEKSYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| TEKSYSTEMS, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS M. SIMINPOUR, an individual, and MODIS, INC., a Florida Corporation,<br><br>Defendants. | CASE NO. CV07-04129 VBF (CTx)<br><br>*[Hon. Valerie Baker Fairbank]*<br><br>**JUDGMENT AGAINST DEFENDANT MODIS, INC. AND IN FAVOR OF PLAINTIFF TEKSYSTEMS, INC.** |
|---|---|

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. This action was tried to Judge Valerie Baker Fairbank and the following decision was reached.

2. It is ordered that:

   A. Promptly, but in no event later than February 2, 2009, Modis is ORDERED to remove all entries from the active COSMOS files that were placed there by Cyrus Siminpour ("Siminpour") for those for those companies for which he took information from TEKsystems (all such companies are identified on the MAXTOR hard drive (Ex. 55) and specific entries to be deleted are identified on Exhibits 27, 36, and 70). Modis shall not restore the entries deleted under this paragraph from a backup or archive system, to the extent any copies of the entries may reside in a backup or archive system.

   B. On or before April 6, 2009, Modis is ORDERED to delete from the active COSMOS system all follow-on entries, meaning those entries that reflect the use of information required to be deleted pursuant to the preceding paragraph (A). The follow-on entries will be identified, in the first instance, by an independent third party consultant (whose fees will be paid by TEKsystems) to whom Modis must give access to the COSMOS entries for the files in which Siminpour made entries on or before March 10, 2009. The consultant shall keep the entries confidential and shall not disclose them to TEKsystems or its outside counsel without the prior consent of Modis or an order of this Court. Provided, however, that should Modis dispute that any entry is a follow-on entry, the consultant shall be able to disclose the disputed entry or entries (along with the proof Modis contends demonstrates that they are not follow-on entries) to TEKsystems' outside counsel, who may not disclose the entries or proof to TEKsystems without the prior consent of Modis or an order of this Court. Modis may dispute that any entry is a follow-on entry by furnishing proof that the information was already in the possession of Modis prior to Modis' employment of Siminpour, or that the information was

1  obtained by an employee of Modis who did not access Siminpour's COSMOS
2  entries prior to obtaining the information. Such proof will be presented to the
3  independent third party and attorneys for TEKsystems. If the parties agree, such
4  disputed entries will be excluded from the list of entries to be deleted. If the parties
5  do not agree, Modis shall submit all of its disputes in writing to the Court no later
6  than March 17, 2009, with any response by TEKsystems due no later than March
7  24, 2009, and the Court's ruling as to whether such entries are to be deleted will be
8  part of this order. Any such contested entries which the Court decides should be
9  deleted shall be deleted by Modis within three (3) weeks of the Court's order on
10 any disputes submitted by Modis. Modis shall not restore the entries deleted under
11 this paragraph from a backup or archive system, to the extent any copies of the
12 entries may reside in a backup or archive system.

13         C.     On or before April 7, 2009, Modis is ORDERED to delete all of
14 the materials purged pursuant to the preceding two paragraphs A and B from the
15 personal computers, blackberries and other notebooks and telephone lists of
16 personnel in Modis' El Segundo office. Any contested entries which the Court
17 decides should be deleted shall be deleted by Modis within three (3) weeks of the
18 Court's order on any disputes submitted by Modis. Modis shall not restore the
19 entries deleted under this paragraph from a backup or archive system, to the extent
20 any copies of the entries may reside in a backup or archive system.

21         D.     Modis shall pay TEKsystems' a total of $453,845.36 (fees in the
22 amount of $418,664.73 and costs in the amount of $35,180.63).

25 Dated: February 24, 2009                    /s/ Valerie Baker Fairbank
                                               HONORABLE VALERIE FAIRBANK
26                                             UNITED STATES DISTRICT JUDGE

DLA PIPER LLP (US)
LOS ANGELES        CENTRAL\31186501.3                    2